1   JEFFREY J. ZUBER (SBN 220830)
    *jzuber@ztllp.com*
2   SARAH S. BROOKS (SBN 266292)
    *sbrooks@ztllp.com*
3   **ZUBER & TAILLIEU LLP**
    777 S. Figueroa Street, 37th Floor
4   Los Angeles, CA 90017-5835
    Telephone: (213) 596-5620
5   Facsimile: (213) 596-5621

6   Attorneys for Haan Corporation

7

8                 **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  HAAN CORPORATION, a Virginia            CASE NO. 10-cv-07989 RGK (CWx)
    corporation
12                                          [Assigned to Hon. R. Gary Klausner]
                  Plaintiff,
13
           v.
14
    DE'LONGHI APPLIANCES S.R.L., an        ORDER FOR ENTRY OF
15  Italian corporation; ARIETE S.P.A., an  STIPULATED PROTECTIVE ORDER
    Italian corporation;
16
                  Defendant.
17

18                                          Action Filed: October 22, 2010

19

20

21

22

23

24

25

26

27

28

1490-1003 / 169313.1

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds that there is a need to protect the parties from disclosure of trade secrets and other confidential research, development, or commercial information such as documents relating to patent licensing, patent assignments, sales projections and marketing documents, that would not be made available to the parties in this action but for the special needs of this litigation.  Therefore, in order to expedite the flow of discovery material, facilitate prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority and with the consent of the parties,

IT IS HEREBY ORDERED THAT:

1.      **DEFINITIONS**

(a)      "Party" means any of the parties to this action, including officers and directors of such parties.

(b)      "Counsel" means counsel of record for any Party,  and other lawyers at their firm, and those attorneys' staff, or outside vendors (such as copy services, trial graphics providers, and jury consultants) whose duties and responsibilities in the conduct of this action require access to Protected Material.

(c)      "Discovery Material" means:

(i)      any information, document, tangible thing, or response to discovery requests pursuant to Fed. R. Civ. P. 26, 31, 33, 34 or 36;

(ii)      any deposition testimony or transcript pursuant to Fed. R. Civ. P. 30 or 31;

(iii)      any document, thing, or premises made available for inspection or produced to the Receiving Party pursuant to Fed. R. Civ. P. 26, 33, or 34;

(iv)      any document, thing, or premises made available for inspection or produced to the Receiving Party in response to a subpoena pursuant to Fed. R. Civ. P. 45; and

1   (v)   any other document or information exchanged or disclosed formally or
2   informally in this action.

3   (d)   "Producing Party" means a party to this action, including all directors,
4   employees, and agents (other than Counsel) of the party, or any third party that
5   produces or otherwise makes Discovery Material available to a Receiving Party.

6   (e)   "Receiving Party" means a party to this action, including all
7   employees, agents, and directors (other than Counsel) of the party, that receives
8   Discovery Material from a Producing Party.

9   (f)   "CONFIDENTIAL" means any Discovery Material that the Producing
10   Party reasonably believes embodies:  (i) commercially sensitive, competitive, or
11   other confidential business information; (ii) information invasive of an individual's
12   legitimate privacy interests; (iii) other sensitive material that the Producing Party
13   does not customarily disclose to the public and that has not been made public; or
14   (iv) third-party documents or information that the third party currently maintains as
15   CONFIDENTIAL and is seeking to maintain as CONFIDENTIAL for purposes of
16   this action.

17   (g)   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" means
18   CONFIDENTIAL information that the Producing Party reasonably believes is so
19   sensitive or confidential that in order to protect the reasonable interests of the
20   Producing Party in maintaining the confidentiality of such information, the
21   disclosure of such information must be limited to the persons to whom
22   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information may be
23   disclosed pursuant to this Protective Order.  Such information may include, but is
24   not limited to: (i) non-public sales, marketing, manufacturing, or customer-specific
25   information (bids, pricing, costs, delivery, and/or scheduling), product development
26   strategies or tactics, or strategy tactics being considered, discussed, or proposed; (ii)
27   manufacturing or other costs of doing business; (iii) manufacturing processes,
28   research and development documents; (iv) the numeric quantification of the

1   Producing Party's sales, revenues, prices, expenses, profits, earnings, or market
2   shares; (v) product testing; (vi) current product or services strategies; (vii) future
3   product or services strategies; (viii) documents and/or oral testimony disclosing any
4   future, proposed, or hypothesized marketing, sales, product development, or
5   manufacturing tactic or strategy; (ix) pending patent applications or patent
6   disclosures for patents belonging to a Party; and (x) joint development agreements,
7   joint ventures, and strategic alliances.

8         (h)    "Protected Material" means any Discovery Material that is designated
9   as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES
10  ONLY in accordance with paragraphs 2(a) and 2(b) below, and any copies,
11  abstracts, summaries, or information derived from such Discovery Material, and any
12  notes or other records embodying or disclosing the contents of such Discovery
13  Material.

14         **2.     DESIGNATION OF PROTECTED MATERIAL**

15         (a)    Any Discovery Material produced or given in this action that is
16  asserted by the Producing Party to contain or constitute CONFIDENTIAL
17  information shall be so designated by the Producing Party.  Each such Discovery
18  Material, including every page (where reasonable) of every document or transcript
19  and any electronic media containing CONFIDENTIAL information, shall be
20  marked on its face with the following legend:

21              **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

22         If the Receiving Party intends to show non-CONFIDENTIAL portions of a
23  document, transcript, or electronic media containing CONFIDENTIAL information
24  to a person or Party not described below in paragraph 3(a), it shall first redact all
25  pages designated CONFIDENTIAL.

26         (b)    Any Discovery Material produced or given in this action that is
27  asserted by the Producing Party to contain or constitute CONFIDENTIAL –
28  OUTSIDE ATTORNEYS' EYES ONLY information shall be so designated by the

1   Producing Party.  Each such Discovery Material, including every page (where

2   reasonable) of every document or transcript and any electronic media containing

3   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information, shall be

4   marked on its face with the following legend:

5   **CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

6   **SUBJECT TO PROTECTIVE ORDER**

7          If the Receiving Party intends to show non-CONFIDENTIAL – OUTSIDE

8   ATTORNEYS' EYES ONLY portions of a document, transcript, or electronic

9   media containing CONFIDENTIAL – ATTORNEYS' EYES ONLY information to

10   a person or Party not described below in paragraph 3(b), it shall first redact all

11   pages designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

12          (c)      All deposition testimony taken in this action will be deemed

13   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY for a period of thirty

14   (30) days from receipt of the final transcript.  Counsel for the witness shall

15   designate and mark which portions of the transcript should be designated

16   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, CONFIDENTIAL

17   or non-CONFIDENTIAL by the end of the thirty (30) day period, subject to

18   paragraph 6(f).

19          (d)      When a Party produces files and records for inspection, no marking

20   need be made by the Producing Party in advance of the inspection.  For purposes of

21   the initial inspection, all documents within the produced files shall be considered

22   marked as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

23   Thereafter, upon selection of specified documents for copying by the inspecting

24   Party, the Producing Party shall mark the copies of such documents, if necessary,

25   with the appropriate confidentiality marking at the time that the copies are produced

26   to the inspecting Party.

27   / / /

28   / / /

**3.    ACCESS TO PROTECTED MATERIAL**

(a)    Subject to paragraphs 3(d), 3(e) and 3(f), in the absence of an order of the Court, any CONFIDENTIAL information produced in accordance with the provisions of paragraph 2(a) above shall be used solely for purposes of the prosecution and defense of this action and shall not be disclosed to or discussed with any person other than:  (i) Counsel for the Receiving Party; (ii) the Receiving Party, if the Receiving Party is an individual, (iii) if the Receiving Party is not an individual, employees of the Receiving Party or those hired by Receiving Party whose review of such information the Receiving Party reasonably believes is required for the conduct of this action; (iv) outside experts or consultants who are engaged for the purpose of this action by the Receiving Party and such experts' or consultants' staff, subject to paragraph 3(d); (v) the individual(s) who authored, prepared, or received the information provided such individual is still employed by the Producing Party; (vi)  certified court reporters taking testimony involving such CONFIDENTIAL information; (vii) the Court in connection with the proceedings in this action.

(b)    Subject to paragraphs 3(d), 3(e) and 3(f), in the absence of an order of the Court, any CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information produced in accordance with the provisions of paragraph 2(b) above shall be used solely for purposes of the prosecution and defense of this action and shall not be disclosed to or discussed with any person other than:  (i) Counsel for the Receiving Party; (ii) outside experts or consultants who are engaged for the purpose of this action by the Receiving Party and such experts' or consultants' staff, subject to paragraph 3(d); (iii) the individual(s) who authored, prepared, or received the information provided such individual is still employed by the Producing Party; (iv)  certified court reporters taking testimony involving such CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information and their support personnel; and (v) the Court in connection with the proceedings in this action.

1    (c)    Custody of Protected Material.  A person with custody of Protected

2  Material shall maintain it in a manner that limits access to persons authorized

3  pursuant to paragraph 3(a) or 3(b) to have access to Protected Material.

4    (d)    Outside Experts and Consultants.  Subject to the provisions of this

5  Protective Order, all Protected Material may be disclosed to any outside expert or

6  consultant who has agreed to be bound by the terms of this Protective Order by

7  signing an Acknowledgement form attached as Exhibit A.

8    (e)    Acknowledgment of Protective Order.  Before obtaining access to any

9  Protected Material covered by this Protective Order, any person who is authorized

10  to have access to Protected Material pursuant to paragraph 3(a)(ii), 3(a)(iii),

11  3(a)(iv), or 3(b)(ii) of this Protective Order must have agreed in writing to be bound

12  by the terms of this Protective Order by signing an Acknowledgement form

13  attached as Exhibit A.  All such signed Acknowledgment forms, except for those

14  Acknowledgment forms signed by outside experts and consultants pursuant to

15  paragraph 3(c), shall be given to the other Party at the final resolution of this matter.

16  Acknowledgment forms signed by outside experts and consultants pursuant to

17  paragraph 3(c) shall be kept by the Party in possession for the duration of this

18  litigation and must be furnished in the event of a breach or challenge.

19    (f)    Disclosure Pursuant to Consent.  Protected Material also may be

20  disclosed to anyone so authorized by prior written consent of the designating Party

21  or non-Party, and no Party is restricted in any way by this Protective Order in

22  disclosing its own Protected Material.

23    (g)    Disclosure of Confidential Transcripts to the Deponent.  Deposition

24  transcripts containing Protected Material may be shown to the deponent for the

25  purpose of correction, but the deponent may not retain a copy of the transcript

26  unless (s)he has agreed in writing to be bound by the terms of this Protective Order

27  by signing an Acknowledgement form attached as Exhibit A.

28

1    (h)    The limitations on disclosure contained in this Protective Order shall
2 not apply to documents or information that (i) Receiving Party can prove were in
3 the possession of the Receiving Party before disclosure by the Producing Party
4 without a restriction from any Party to this action; or (ii) are or become published or
5 available in a manner that does not violate the law or this Protective Order.

6    **4.    DISCLOSURE TO EXPERTS OR CONSULTANTS**

7    In addition to the foregoing, at least five business days prior to making the
8 first disclosure of Protected Material to any expert or consultant, the Party making
9 such disclosure shall provide the Producing Party with a copy of the
10 Acknowledgment form signed by the individual and provide written notice:

11    (a)    Disclosing the identity of the expert or consultant;

12    (b)    Identifying the present employer of the expert or consultant; and

13    (c)    Providing a resume or curriculum vitae, including the cases in which
14 he or she has testified as an expert at trial or by deposition in the preceding four
15 years.

16    The disclosure of information regarding consultants or experts under this
17 Order shall not constitute a waiver of attorney-work product or privilege, and shall
18 not replace or modify the procedures provided under Fed. R. Civ. Proc. 26 or this
19 Court's Scheduling Order.  Additionally, the Parties stipulate that experts and
20 consultants are not required to disclose or produce, and the Parties shall not conduct
21 discovery concerning or seek to introduce evidence of drafts of expert declarations
22 or reports.  The parties also stipulate that communications between experts or
23 consultants and counsel are not discoverable regardless of the form of the
24 communications, except to the extent that the communications: (i) relate to
25 compensation for the expert's study or testimony; (ii) identify facts or data that the
26 party's attorney provided and that the expert considered in forming the opinions to
27 be expressed; or (iii) identify assumptions that the party's attorney provided and
28 that the expert relied on in forming the opinions to be expressed.

1   Any Party may object to a disclosure to an expert or consultant within five

2   business days after receipt of the copy of the signed Acknowledgment form and

3   written notice set forth herein, by stating specifically in writing the reasons why the

4   Party believes such person should not receive the Protected Material.

5   In the event of an objection, no disclosure of Protected Material shall be

6   made to the expert or consultant for a period of ten business days following the

7   receipt of the objection.  The Party objecting to the disclosure to the expert or

8   consultant and the Party wishing to disclose such Protected Material to the expert or

9   consultant shall make good faith efforts to resolve the dispute within five business

10   days following the receipt of the objection.  If no such resolution is obtainable, the

11   objecting Party may move the Court, by motion, pursuant to Local Rule 37-1 of the

12   U.S. District Court for the Central District of California, for an order that disclosure

13   not be made to such expert or consultant or that the disclosure be made only upon

14   certain conditions.  The moving Party shall have the burden of establishing that

15   good cause exists for such an order, and shall seek to have the matter heard at the

16   earliest possible date.  If the moving party's portion of a joint stipulation is not

17   received within five business days following the parties' meet and confer, the

18   Protected Material may be disclosed to such expert or consultant for the purposes of

19   and upon the conditions herein stated.  If such a motion is made, there shall be no

20   disclosure to such expert or consultant until the Court has ruled upon the motion,

21   and then only in accordance with the ruling so made.

22   **5.    COURT PROCEDURES**

23   If a document containing CONFIDENTIAL or CONFIDENTIAL –

24   OUTSIDE ATTORNEYS' EYES ONLY information is filed with the Court, it shall

25   be filed under seal in compliance with Local Rule 79-5.1 of the U.S. District Court

26   for the Central District of California and Section V of General Order -07 of the

27   Central District of California (revised August 2, 2010).

28

1490-1003 / 169313.1

PROTECTIVE ORDER

Any papers containing Protected Material shall indicate clearly what portions are designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.  Upon request of the disclosing Party, the Court shall return the originals of all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY documentation, provided that such request is made within thirty (30) days of the final disposition of this case.

Nothing in this Protective Order shall be deemed to alter or otherwise amend the Parties' obligation to follow the procedures set forth in Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Central District of California or any Order by this Court.  To the extent there is any conflict between the obligations set forth in this Protective Order – which the parties do not believe is the case – the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Central District of California and any Order by this Court shall control.  In addition, nothing in this Protective Order shall be deemed to address trial management.

### 6.    HANDLING OF PROTECTED MATERIAL

(a)    Nothing herein shall restrict a person authorized to have access pursuant to paragraph 3(a) or 3(b) from making working copies, abstracts, digests, and/or analyses of Protected Information for use in connection with this action. Such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection as the original Protected Material under the terms of this Protective Order.  Further, nothing herein shall restrict an authorized recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to authorized recipients.

(b)    If a Party through inadvertence produces any CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY document or thing

without labeling, marking, or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and should be treated as such in accordance with the provisions of this Protective Order.  The Receiving Party must treat such document or thing with the noticed level of protection from the date such notice is received.  Promptly upon providing such notice to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy of the document or thing that bears the new confidentiality designation under this Protective Order, at which time the Receiving Party shall either destroy or return the originally produced document or thing to the Producing Party at the option of the Producing Party.  The Receiving Party's disclosure, prior to the receipt of notice from the Producing Party of a new designation, to persons not authorized by paragraph 3(a) or 3(b) to have access to such information pursuant to the subsequent designation shall not be deemed a violation of this Protective Order.  However, the Receiving Party shall make a good faith effort promptly to retrieve such document or thing from such persons not authorized to receive such information and to obtain agreement from the person to whom the disclosure was made to be bound by this Protective Order.  The Receiving Party shall timely notify the Producing Party of the disclosure and the identity of the person or entity to whom the disclosure was made.

(c)     In accordance with Fed. R. Civ. Proc. 26(b)(5)(B), if a Producing Party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity and all copies of such inadvertently produced documents shall promptly be returned by the Receiving Party to the Producing Party upon demand.

1    (d)    A Party or present employee of a Party may be examined and may

2    testify concerning all CONFIDENTIAL and CONFIDENTIAL – OUTSIDE

3    ATTORNEYS' EYES ONLY information produced by that Party, provided that the

4    present employee of the Party is authorized by the Party to have access to the

5    CONFIDENTIAL and CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

6    ONLY information produced by that Party.

7    (e)    A former employee of a Party, a current or former consultant of a

8    Party, and non-Parties may be examined and may testify concerning any document

9    containing CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS'

10   EYES ONLY information of a Producing Party that clearly appears on its face or

11   from other documents or testimony to have been prepared by, received by, known

12   by, or communicated to the employee, consultant or non-Party.

13   (f)    If no confidentiality designation of deposition testimony is made at the

14   time of the deposition, any transcript containing CONFIDENTIAL or

15   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information shall be

16   designated as containing such information by no later than thirty (30) calendar days

17   after the date of such deposition.  Otherwise, such transcript shall not be deemed

18   Protected Material.

19   **7.    PROCEDURE TO CHALLENGE DESIGNATIONS**

20   This Protective Order shall not prevent any Party from moving the Court for

21   an order that information designated as CONFIDENTIAL or CONFIDENTIAL –

22   OUTSIDE ATTORNEYS' EYES ONLY by a Producing Party is not, in fact,

23   CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

24   information.  Prior to so moving, the Party seeking to reclassify the information

25   shall seek the Producing Party's agreement.  The Producing Party shall have ten

26   (10) business days to respond to such request.  In any motion, the Producing Party

27   shall have the burden of establishing before the Court the need for classification as

28

1  CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES
2  ONLY.

3       No Party shall be obligated to challenge the appropriateness of any
4  confidentiality designation, or confidential information by another Party or person,
5  and the failure to do so shall not constitute a waiver or otherwise preclude a
6  challenge to the designation in another or subsequent matter or action.

7       **8.**     **NO PROBATIVE VALUE**

8       This Protective Order shall not abrogate or diminish any contractual,
9  statutory, or other legal obligation or right of any Party or person with respect to
10  any Protected Material.  The fact that information is marked with a confidentiality
11  designation under the Protective Order shall not be deemed to be determinative of
12  what a trier of fact may determine to be confidential or proprietary or a trade secret.
13  The fact that any information is disclosed, used, or produced in any court
14  proceeding in this action with a confidentiality designation shall not be offered in
15  any action or proceeding before any court, agency, or tribunal as evidence of or
16  concerning whether or not such information is admissible, confidential, or
17  proprietary.

18       **9.**     **RIGHT TO FURTHER RELIEF**

19       Nothing in this Protective Order shall abridge the right of any person to seek
20  judicial modification or amendment of this Protective Order.

21       **10.**     **RIGHT TO ASSERT OTHER OBJECTIONS**

22       This Protective Order shall not be construed as waiving any right to assert a
23  claim of privilege, relevance, or other grounds for not producing Discovery
24  Material.

25       **11.**     **FINAL DISPOSITION**

26       Within ninety (90) calendar days after final termination of this action, each
27  Party shall assemble all documents and things furnished and designated by any
28  other Party or non-Party as containing CONFIDENTIAL or CONFIDENTIAL –

1  OUTSIDE ATTORNEYS' EYES ONLY information, and all copies, summaries,

2  and abstracts thereof, and shall either (a) return the documents and things to the

3  Producing Party, or (b) destroy the documents and things; provided, however, that

4  the attorneys of record for each Party shall be entitled to retain all pleadings, motion

5  papers, legal memoranda, correspondence, work product, transcripts and exhibits

6  thereto, and attorney-client communications that include or are derived from

7  Protected Material.  If a Party elects to destroy the documents, a Certificate of

8  Destruction shall be served on all attorneys of record within ninety (90) calendar

9  days of final termination of this action.

10         **12.    SURVIVAL OF OBLIGATIONS**

11         The obligations created by this Protective Order shall survive the termination

12  of this action unless otherwise modified by the Court.  The Court shall retain

13  jurisdiction, even after termination of this action, to enforce this Protective Order

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1   and to make such amendments and modifications to this Protective Order as may be

2   appropriate.

3

4       **IT IS SO ORDERED**:

5

6   Date: March 2, 2011                          /S/
                                    _____
7                                       The Honorable Carla Woehrle
                                        United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER

# APPENDIX A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

*Haan Corporation v. De'Longhi Appliances, S.r.L*

U.S. District Court for the Central District of California

Civil Action No. 10-cv-7985 RGK (CWx)

I, _____, declare under penalty of perjury under the laws of the United States and the State of California that I have read and understand in its entirety the Protective Order in the above-referenced lawsuit, and agree to adhere and to be bound by its terms.  I understand that any unauthorized disclosure of confidential information constitutes a violation of this Court's Protective Order, for which I may be held in contempt of court.  I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Protective Order.

Date: _____          Signature:_____

PROTECTIVE ORDER

1490-1003 / 169313.1